Case 1:18-cv-00148 Document 35 Filed on 05/01/19 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 01, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LEOBARDO ARAGUZ, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-148 |
| | § | |
| DEMPSIE CLINTON, ET AL., | § | |
| Defendants | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

For the reasons provided below, it is recommended that the Court **REMAND** this civil action back to the 107th Judicial District Court of Cameron County, Texas.

## I. Jurisdiction

The Court has federal question jurisdiction over this removed civil action because Plaintiff Leobardo Araguz's Original Petition asserted claims under 42 U.S.C. § 1983.[1] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

---

[1] As discussed below, the Court recently dismissed Araguz's § 1983 claims with prejudice pursuant to the terms of a settlement. *See* Dkt. No. 32.

## II. Statement of the Case

Plaintiff Araguz initiated this action by filing suit in the 107th Judicial District Court of Cameron County, Texas on May 24, 2018. Dkt. No. 1-1 at 1.[2] Araguz's Original Petition named the City of Harlingen, the City of Harlingen Police Department, Scott Vega, and Dempsie and Victoria Clinton as Defendants. *Id*. The City, the City of Harlingen Police Department, and Scott Vega (hereinafter, the "City Defendants") timely removed Araguz's action to this Court on September 18, 2018. Dkt. No. 1 at 3. Dempsie and Victoria Clinton (hereinafter, the "Clintons") consented to removal. *Id*. at 3. Araguz's claims against the City Defendants, including his § 1983 claims, have all been dismissed. *See* Dkt. No. 20 (Report and Recommendation); Dkt. No. 27 (Order Adopting Report and Recommendation); Dkt. No. 32 (Agreed Order of Dismissal).

On April 11, 2019, Araguz filed a "Brief to the Court" (hereinafter, Araguz's "Brief"). Dkt. No. 33. Araguz's Brief clarifies the claims his Original Petition has asserted against the Clintons. *Id*. at 5. In his Original Petition, by making a general reference to all named "Defendants," it appeared Araguz was attempting to assert a claim against the Clintons for violations of 42 U.S. C. § 1983. Dkt. No. 1-1 at 13. However, his Brief makes no mention of a § 1983 claim against the Clintons. *See generally* Dkt. No. 33. Instead, he states that he has asserted the following claims against the Clintons: libel, slander per se, defamation per se, negligence, malicious

---

[2] The undersigned has summarized the allegations made in Araguz's Original Petition in a previous Report and Recommendation and incorporates that summary here by reference. *See* Dkt. No. 20 at 2-5.

prosecution, abuse of process, intentional infliction of emotional distress, and false imprisonment. *Id.* at 5.

Although it is unlikely that a § 1983 claim against the Clintons would have been viable, it is now clear that Araguz is not attempting to assert such a claim. With the dismissal of his § 1983 claims against the City Defendants, Araguz's remaining causes of action are limited to his state law claims against the Clintons. Thus, although the City Defendants properly removed this civil action pursuant to this Court's federal question jurisdiction,[3] it is now appropriate for the Court to consider whether to remand this action back to state court. *See Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991) ("A federal district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only pendent state-law claims remain."); *Oliver v. Lewis*, 891 F. Supp. 2d 839, 843–44 (S.D. Tex. 2012) (explaining that, although post-removal elimination of federal claims does not divest a district court of jurisdiction, the court "must determine whether to remand" the remaining state law claims back to federal court); *Akbar v. Nationstar Mortg. LLC*, No. CV H-13-3625, 2015 WL 12777365, at *1–2 (S.D. Tex. Feb. 5, 2015) (sua sponte remand of state law claims was appropriate where federal claims had been eliminated post-removal); *Tile Sol. Servs., Inc. v. Carrington Mortg. Servs., LLC*, No. CV 18-11508, 2019 WL 1469397, at *3–4 (E.D. La. Apr. 2, 2019) (sua sponte consideration of remand was appropriate after post-removal elimination of federal claims).

---

[3] *See* Dkt. No. 1 at 2 (citing 28 U.S.C. § 1331).

On April 17, 2019, the Court issued a "Notice of Intent to Recommend Remand" (hereinafter referred to as the Court's "Notice" or "Notice Regarding Remand"). Dkt. No. 34. The Court's Notice informed the parties of the undersigned's intent to recommend remand and notified them that they could file briefs opposing or supporting remand, provided they filed such briefs on or before April 30, 2019. As of the May 1st filing of this Report and Recommendation, the parties have not filed briefs, or otherwise argued that this case should not be remanded.

### III. Discussion

Although not mandatory or absolute, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). *See also Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that, when "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court"). As the Supreme Court has repeatedly cautioned, federal courts should avoid making "'[n]eedless decisions of state law[.]" *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). When federal claims have been eliminated at an early stage in the litigation, the district court will have "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *Enochs v. Lampasas County*, 641 F.3d 155, 161 (same).

In determining whether to continue to exercise supplemental jurisdiction over a plaintiff's remaining state law claims, courts must consider the "common law factors of judicial economy, convenience, fairness, and comity[,]" in addition to "the statutory factors" set forth in 28 U.S.C. § 1367(c). *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602.

> "The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing 28 U.S.C. § 1367(c)).

*Akbar v. Nationstar Mortg.* LLC, No. CV H-13-3625, 2015 WL 12777365, at *1. "[N]o single factor is dispositive[.]" *Brookshire Bros. Holding*, 554 F.3d 595, 602 (citing *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)). Courts should also consider "whether the plaintiff has attempted to manipulate the forum by eliminating all federal law claims from the complaint and then requesting remand[.]" *Akbar*, 2015 WL 12777365, at *1 (citing *Oliver v. Lewis*, 891 F. Supp. 2d 839, 843-44).

Here, Araguz has not attempted to manipulate the forum by eliminating all federal claims from his complaint and then requesting remand. Instead, he has settled with the City Defendants (*see* Dkt. No. 29 at 1), made it clear that he is not attempting to assert a § 1983 claim against the Clintons, and refrained from seeking remand. Dkt. No. 33 at 5. Further, taking the above factors out of order, Araguz's numerous state claims substantially predominate over his now-dismissed federal claims. *See* 28 U.S.C. § 1367(c)(2) and (3) (instructing courts to consider whether the

state claims substantially predominate over the federal claims, and whether the federal claims have been dismissed). It is also probable that Araguz's claims against the Clintons involve at least one novel or complex issue of state law because Araguz has asserted eight claims against the Clintons. *See* Dkt. No. 33 at 5 (noting that Araguz has asserted the following claims against the Clintons: libel, slander per se, defamation per se, negligence, malicious prosecution, abuse of process, intentional infliction of emotional distress, and false imprisonment). *See* 28 U.S.C. § 1367(c)(1) (instructing courts to consider whether the state claims raise novel or complex issues of state law).

With respect to judicial economy, convenience, and fairness, this lawsuit is in the early stages of litigation, relatively speaking. The time to complete discovery expired only yesterday, on April 30, 2019, and the deadline for the filing of dispositive motions has yet to pass. *See* Dkt. No. 14 at 1-2. The case was removed to this Court on September 18, 2019, just over seven months ago. *See* Dkt. No. 1. The Court has issued rulings on some substantive matters but has yet to dedicate significant resources to the case or the bulk of Araguz's claims. *See Akbar,* 2015 WL 12777365, at *2 (noting that, although Akbar's case had been on file for over year, remand was appropriate because the court had not "dedicated significant resources to the case or to consideration of the state law claims"). *See also Enochs,* 641 F.3d 155, 159 (noting that remand was proper, in part, because "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state-law claims").

Further, to the extent that the parties have expended effort in litigating their state-law claims or defenses, their efforts will not likely be wasted. In the main, their efforts will only serve to further their respective positions in state court. *See Oliver*, 891 F. Supp. 2d 839, 849 (finding remand proper, in part, because the merits of the plaintiff's state-law claims had "been briefed, but not thoroughly, and the briefs [would] be equally applicable in the state court."). For example, Araguz's Brief addresses the facts and law supporting his state law claims. *See* Dkt. No. 33. Likewise, the Clintons have filed a Motion to Dismiss, arguing that Araguz's claims are each subject to dismissal pursuant to the mandatory dismissal procedure contained in the Texas Citizens Participation Act ("TCPA").[4]

The pendency of the Clintons' Motion to Dismiss might also constitute a compelling reason for declining jurisdiction. *See* 28 U.S.C. § 1367(c)(4) (instructing courts to consider whether there are exceptional circumstances or other compelling reasons for declining jurisdiction). Upon remand, the state court will likely entertain the Clintons' Motion and Araguz's "Response to Motion to Dismiss." *See* Dkt. No. 22. However, this Court has substantial reasons for declining the Clintons' invitation to apply the TCPA in federal court. To begin, the Court of Appeals for the Fifth Circuit has not determined that the TCPA applies in federal court. *See Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("The applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("Because we determine that the TCPA by

---

[4] *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.

its own terms has not been shown to apply, we again pretermit the fundamental issue of its applicability in federal court."); *Diamond Consortium, Inc. v. Hammervold*, 733 F. App'x 151, 154 (5th Cir. 2018), *reh'g denied* (June 4, 2018) (finding the TCPA inapplicable to the claims before it without deciding whether the TCPA applies in federal court). Remand would allow a Texas court to consider the parties' TCPA arguments on the merits.

Allowing a Texas court to determine the merits of the parties' TCPA arguments, and other Texas claims and defenses, also promotes the interests of comity. "[C]omity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts." *Enochs,* 641 F.3d 155, 160 (internal quotation marks omitted). The factor of fairness is also relevant here, as it is "certainly fair" to have "Texas state law claims heard in Texas state court[.]" *Id*; *Oliver*, 891 F. Supp. 2d 839, 848 (same). Finally, regarding fairness and convenience, the parties have not argued against remand despite being allowed a full opportunity to brief the subject. *See* Dkt. No. 34 at 6-7. Thus, as the factors this Court must consider weigh in favor of remand, it is recommended that the Court remand this case back to state court.

## IV. Recommendation

It is recommended that the Court **REMAND** this civil action back to the 107th Judicial District Court of Cameron County, Texas.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 1st day of May, 2019.

_____
Ignacio Torteya, III
United States Magistrate Judge